IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO LAND AND FRUIT<br><br>Plaintiff-Counterclaim Defendant<br><br>vs<br><br>AQUASUR CORPORATION<br><br>Defendant-Counterclaimant<br><br>vs<br><br>UNITED STATES FISH AND WILDLIFE SERVICES; DEPARTMENT OF NATURAL AND ENVIRONMENTAL SERVICES OF PUERTO RICO; SAN PEDRO ASSOCIATES, consisting of ANDRES NEVARES and his family; ALFREDO SANTAELLA, LUIS SANTAELLA and his family; MD CULEBRA PARTNERS, LP; UNKNOWN THIRD-PARTY DEFENDANTS A,B,C<br><br>Third-Party Defendants | CIVIL 17-1992CCC |

**OPINION AND ORDER**

Before the Court is defendant-counterclaimant Aquasur Corporation's ("Aquasur") Motion to Dismiss the Third-Party Complaint for Lack of Subject Matter Jurisdiction and for Remand (**d.e. 9**) filed on October 18, 2017. The motion is unopposed. For the reasons stated below, Aquasur's Motion to Dismiss is GRANTED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-counterclaim defendant Puerto Rico Land and Fruit S.E. ("PRLF") initially filed this lawsuit in the Superior Court of Fajardo, Puerto Rico First Instance Court.   On March 9, 2017, PRLF filed a third party complaint to add Puerto Rico's Department of Natural and Environmental Resources ("DRNA"), the United States Fish and Wildlife Services ("USFWS"), Andres R. Nevares, Luis Santaella, MD Culebra Partners, LP, and Unknown Third-Party Defendants A, B, C, and D as essential parties for the disposition of all issues in the state court claim, which includes demarcating the boundaries of the parties' properties.   On July 21, 2017, USFWS removed the third party complaint to this Court under 28 U.S.C. § 1442(a)(1).   In response, defendant-counterclaimant Aquasur Corporation ("Aquasur") moves to dismiss the Third-Party Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and to remand the remainder of the case to the Superior Court of Fajardo, Puerto Rico First Instance Court, under 28 U.S.C. § 1447(c).

## II.    DISCUSSION

"Federal courts are courts of limited jurisdiction." *Colon v. Diaz*, 174 F.Supp. 3d 667, 669 (D.P.R. 2016) (quoting *Rolón v. Rafael Rosario & Associates, Inc., et al.*, 450 F.Supp. 2d  53, 156 (D.P.R. 2006)).   This familiar principle means that federal courts can only hear cases that have subject matter jurisdiction, i.e., that arise under federal law or involve diverse

parties.   If a case does not contain a federal question or include parties from different jurisdictions, it does not belong in federal court.

FRCP 12(b)(1) "provides the vehicle by which a party may challenge the court's subject matter jurisdiction." *UBS Financial Services Inc. v. Asociacion de Empleados del Estado Libre Asociado de Puerto Rico*, 223 F.Supp. 3d 134 (D.P.R. 2016).   When reviewing motions to dismiss under Rule 12(b)(1), courts follow a similar standard to other motions under Rule 12(b) and "credit the non-movant's well-pled factual allegations and draw all reasonable inferences in the non-movant's favor." *Id.* "If it appears at any time that the Court lacks the statutory or constitutional power to adjudicate the case, the suit must be dismissed." *Id.* (referring to *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed. 2d 1097 (2006).

In its unopposed motion, Aquasur cites the Quiet Title Act, 28 U.S.C. § 2409(a), and Section 1346(f) of the Judicial Code, 28 U.S.C. § 346(f), to argue that U.S. District Courts have exclusive jurisdiction over boundary disputes involving the United States or its instrumentalities, and consequently the instant action should be dismissed.   A reading of these statutes support its position.   Section 1346(f) states that: "[t]he district courts shall have exclusive original jurisdiction of civil actions under section 2409(a) to quiet title to an estate or interest in real property in which an interest is claimed by the United States."   The statute is clear that state courts do not have jurisdiction to hear this type of claim.   Removal by the USFSW was thus improper.

*See Bee Mach Co. v. Freeman*, 131 F.2d 190, 294 (1st Cir. 1942) (quoting *State of Minnesota v. U.S.*, 305 U.S. 382, 388, 59 S.Ct. 292, 295, 83 L.Ed. 35 (1939), stating in relevant part that: "[i]f Congress did not grant permission to bring this condemnation proceeding in a state court, the federal court was without jurisdiction upon its removal. For jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction."). The USFWS's removal under 28 U.S.C. § 1442(a)(1) does not grant this court subject matter jurisdiction. Given that all the parties reside in Puerto Rico, there is no diversity jurisdiction either.

Because there is no basis for subject matter jurisdiction, the Aquasur's motion is GRANTED and third-party complaint is dismissed under Rule 12(b)(1). The remainder of this case shall be remanded to the Superior Court of Fajardo, Puerto Rico Court of First Instance, by separate order.

SO ORDERED.

At San Juan, Puerto Rico, on April 4, 2018.

S/CARMEN CONSUELO CEREZO
United States District Judge